# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMERICAN EXPRESS, | ) | 1:08cv0679 LJO DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| ROGER D. ROMERO, | ) | |
| | ) | |
| Defendant. | ) | |

      Defendant Roger D. Romero ("Defendant"), proceeding pro se, filed a document entitled "Motion to Transfer to Federal District Court" on May 15, 2008.[1]  Defendant names American Express as Plaintiff.  This Court construes the motion as Defendant's attempt to remove a State Court proceeding to this Court based on the following language:

> Defendant moves the Court to transfer this action from State Court to Federal Jurisdiction for the reasons that the plaintiff is a banking institution that is under the direct regulatory control of the Secretary of Treasury pursuant to the Banking Holiday Act of Congress of 1933 codified at 12 USCA § 95.

Motion, at 3.  Defendant argues that this Court has exclusive federal jurisdiction over the State Court Action based on "banking statutes mandated by Congress."  Motion, at 3.

---

[1] Defendant filed similar documents in 1:07cv0164 OWW LJO, dismissed on March 13, 2007;  1:07cv0165 AWI DLB, dismissed on May 9, 2007;  1:07cv0166 OWW DLB, dismissed on April 17, 2007;  1:07cv0167 AWI DLB, dismissed on June 22, 2007;  and 1:07cv0369 LJO DLB, dismissed on April 27, 2007.

1

**DISCUSSION**

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal. Shamrock Oil & Gas Corp.v. Sheets, 313 U.S. 100, 108-109 (1941); Duncal v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A defendant "has the burden of establishing that removal was proper." Duncan, 76 F.3d at 1485; Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

This Court is empowered to summarily remand this action:

> The United States district court in which such a notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4).

Defendant fails to demonstrate that the underlying proceeding is subject to this Court's jurisdiction. In fact, it appears that the case Defendant is attempting to remove, Fresno County Superior Court Case 08CECD00397, is American Express' Petition to Confirm a Contractual Arbitration Award, a state procedural action over which this Court does not have jurisdiction. Defendant's motion further fails to satisfy removal notice requirements in that, among other things, the motion does not indicate a timely attempt to remove (even assuming removal is available). 28 U.S.C. § 1446(a), (b).

**RECOMMENDATION**

Accordingly, for the reasons discussed above, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND on the grounds that Defendant wrongly attempts to remove an underlying State Court proceeding to this Court.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Defendant may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Defendant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 19, 2008**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE